# United States Court of Appeals for the Fifth Circuit

_____

No. 23-50522
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
November 15, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Noel Alvarez-Meza,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:23-CR-76-1

_____

Before King, Haynes, and Graves, *Circuit Judges*.

Per Curiam:[*]

Noel Alvarez-Meza appeals the sentence imposed following his conviction for illegal reentry into the United States in violation of 8 U.S.C. § 1326(a) and (b)(1). He contends that the sentencing enhancement in § 1326(b) is unconstitutional because it permits a sentence above the otherwise applicable statutory maximum established by § 1326(a) based on

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. He acknowledges that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve it for possible Supreme Court review. He therefore has filed an unopposed motion for summary disposition.

We have held that subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). Alvarez-Meza is, therefore, correct that his argument is foreclosed. Accordingly, because summary disposition is appropriate, *see Groendyke Transp. Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), Alvarez-Meza's motion is GRANTED, and the district court's judgment is AFFIRMED.